IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES E. VAN HOUTEN,**

        **Plaintiff,**

                                          **CIVIL ACTION**
  **vs.**                                      **No. 06-3308-SAC**

**CARRIE MARLETT, et al.,**

        **Defendants.**

ORDER

By an order entered on November 30, 2006, the court directed plaintiff to show cause why this matter should not be dismissed due to his failure to exhaust administrative remedies in a timely manner, resulting in procedural default. The court noted the plaintiff's grievance had been rejected at all levels of internal review due to his failure to commence the action within 15 days, as required by Kansas Administrative Regulation 44-15-101b.

Plaintiff filed a response in which he contends this matter should be allowed to proceed because he commenced the administrative remedy procedure within one year.

Kansas Administrative Regulation 44-15-101b provides:

Grievances shall be filed within 15 days from the date

>of the discovery of the event giving rise to the grievance, excluding Saturdays, Sundays and holidays. No grievance, regardless of time of discovery, shall be filed later than one year after the event. Any grievance filed later than these deadlines may be returned to the inmate without investigation....

Under this provision, a prisoner is obligated to present a grievance within 15 days from the discovery of the basis for the grievance. The court rejects plaintiff's construction of the regulation to provide a one-year deadline for bringing any grievance. Rather, the one-year period provides an outside limit for filing a grievance where the basis of that grievance was not immediately discoverable.

The Prison Litigation Reform Act of 1996 established that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Porter v. Nussle, 534 U.S. 516, 524-25 (2002).

It is settled that a prisoner must timely exhaust administrative remedies. Woodford v. Ngo, ___ U.S. __, __, 126 S.Ct. 2378, 2386 (2006)(the exhaustion requirement of the Prison Litigation Reform Act "demands compliance with an agency's deadlines and other critical procedural rules.") Thus, claims

that have been denied by prison authorities as untimely filed may be dismissed with prejudice as procedurally defaulted. Kikumura v. Osagie, 461 F.3d 1269, 1289 (10th Cir. 2006).

In this case, plaintiff claims his rights were violated by a denial of access to recreation or exercise and by a 30-day placement in 24-hour lockdown.  It is clear the factual bases for these claims were known to the plaintiff immediately, and the court finds no error in the decision of prison authorities to reject his grievances on procedural grounds when he failed to file them within fifteen days.[1]

The court concludes petitioner's claims were procedurally defaulted and that this matter may be dismissed for failure to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim for relief.

IT IS FURTHER ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted.  Collection action shall proceed pursuant to 28 U.S.C. § 1915(b)(2) until plaintiff satisfies the $350.00 filing fee.

A copy of this order shall be transmitted to the plaintiff

---

[1] The plaintiff's initial grievance was filed on September 27, 2006.  The grievance was denied on September 28 with the notation that plaintiff had not been in a limited contact cell since August 25, 2006.  (Doc. 1, Attach. 4.)

and to the Finance Office of the facility where he is incarcerated.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 17th day of April, 2007.

S/ Sam A. Crow
SAM A. CROW
United States Senior District Judge